UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRISTOPHER BROSCHART,

        Plaintiff,
                9:11-CV-0405
v.                 (LEK/GHL)

NANCY O'CONNOR-RYERSON,

        Defendant.
_____

APPEARANCES:            OF COUNSEL:

CHRISTOPHER BROSCHART, 01-A-3246
Plaintiff *pro se*
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

HON. ERIC T. SCHNEIDERMAN      ADRIENNE J. KERWIN, ESQ.
Attorney General for the State of New York
Counsel for Defendants
The Capitol
Albany, NY 12224

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION

    This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the Honorable Lawrence E. Kahn, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Plaintiff Christopher Broschart alleges that Defendant Physician Assistant Nancy O'Connor-Ryerson violated his Eighth Amendment rights by abruptly discontinuing his pain medication. (Dkt. No. 1.) Currently pending before the Court is Defendant's motion to dismiss for failure to

state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Dkt. No. 9.)  For the reasons that follow, I recommend that Defendant's motion be granted.

I.      BACKGROUND

The complaint alleges that Plaintiff, an inmate of the New York Department of Corrections and Community Supervision ("DOCCS") has "a pre-existing back injury" for which he had an operation.  (Dkt. No. 1 ¶ 4.)  Plaintiff has a "metal plate and bolts in his back" that cause him "substantial pain."  *Id*.  Plaintiff informed "proper medical personnel" at Auburn Correctional Facility about his back and "the doctor prescribed him Percodan for his back pains."  *Id*. ¶¶ 2, 5.

On September 13, 2010, Plaintiff "took a blood test and Defendant O'Connor-Ryerson reviewed the results.  Defendant O'Connor-Ryerson determined from the results that the oxycodone was less than 5 and that Plaintiff was not taking his medication and abruptly discontinued Plaintiff's Percodan."  *Id*. ¶¶ 6-7.  As a result, Plaintiff experienced withdrawal symptoms including "cold and hot sweats," diarrhea, breathing problems, anxiety attacks, insomnia, weak muscles, heartburn, migraine headaches, depression, extreme fatigue, vomiting, upset stomach, and tingling all over his body.  *Id*. ¶ 8.

Since this incident, Plaintiff has obtained information from the Department of Health and Human Services indicating that Percodan should never be abruptly discontinued under any circumstances.  *Id*. ¶ 13.  Plaintiff alleges that Defendant "intentionally, knowingly and deliberately abruptly discontinued Plaintiff's Percodan for his back pains and knowingly caused Plaintiff substantial pain . . . and totally disregarded the health and safety of the Plaintiff."  *Id*. ¶ 15.

## II. LEGAL STANDARD GOVERNING MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) on the ground that the complaint fails to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown -- that the pleader is entitled to relief." *Id.* at 1950 (internal citation and punctuation omitted).

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). Courts are "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct.

at 1949.

### III.   ANALYSIS

Plaintiff claims that Defendant violated his Eighth Amendment rights.  (Dkt. No. 1 ¶ 17.) Defendant moves to dismiss this claim.  (Dkt. No. 9.)  Defendant argues that the complaint does not sufficiently allege that she was deliberately indifferent to Plaintiff's serious medical need.  *Id*. Defendant is correct.

The Eighth Amendment to the United States Constitution prohibits "cruel and unusual" punishments.  The word "punishment" refers not only to deprivations imposed as a sanction for criminal wrongdoing, but also to deprivations suffered during imprisonment.  *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976).  Punishment is "cruel and unusual" if it involves the unnecessary and wanton infliction of pain or if it is incompatible with "the evolving standards of decency that mark the progress of a maturing society."  *Estelle*, 429 U.S. at 102.  Thus, the Eighth Amendment imposes on jail officials the duty to "provide humane conditions of confinement" for prisoners.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  In fulfilling this duty, prison officials must ensure, among other things, that inmates receive adequate medical care.  *Farmer*, 511 U.S. at 832 (citing *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

There are two elements to a prisoner's claim that prison officials violated his Eighth Amendment right to receive medical care: "the plaintiff must show that she or he had a serious medical condition and that it was met with deliberate indifference."  *Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009) (citation and punctuation omitted).  "The objective 'medical need' element measures the severity of the alleged deprivation, while the subjective 'deliberate indifference' element ensures that the defendant prison official acted with a sufficiently culpable

state of mind." *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003).

A "serious medical condition" is "a condition of urgency, one that may produce death, degeneration, or extreme pain." *Nance v. Kelly,* 912 F.2d 605, 607 (2d Cir. 1990) (Pratt, J. dissenting) (citations omitted), *accord*, *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1996), *cert. denied*, 513 U.S. 1154 (1995); *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998). Relevant factors to consider when determining whether an alleged medical condition is sufficiently serious include, but are not limited to: (1) the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; (2) the presence of a medical condition that significantly affects an individual's daily activities; and (3) the existence of chronic and substantial pain. *Chance*, 143 F.3d at 702-03.

Defendant concedes for the purposes of this motion that Plaintiff suffered from a serious medical condition. (Dkt. No. 9-1 at 1.) Defendant argues, however, that the complaint fails to allege facts plausibly suggesting that she was deliberately indifferent to Plaintiff's serious medical need. *Id*. at 1-2. Defendant argues that the complaint alleges simple medical negligence rather than deliberate indifference. *Id*.

Medical mistreatment rises to the level of deliberate indifference only when it "involves culpable recklessness, i.e., an act or a failure to act . . . that evinces 'a conscious disregard of a substantial risk of serious harm.'" *Chance*, 143 F.3d, 698, 703 (quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)). Thus, to establish deliberate indifference, an inmate must prove that (1) a prison medical care provider was aware of facts from which the inference could be drawn that the inmate had a serious medical need; and (2) the medical care provider actually drew that inference. *Farmer*, 511 U.S. at 837; *Chance*, 143 F.3d at 702-703. The inmate then must

establish that the provider consciously and intentionally disregarded or ignored that serious medical need. *Farmer*, 511 U.S. 825, 835; *Ross v. Giambruno*, 112 F.3d 505 (2d Cir. 1997). An "inadvertent failure to provide adequate medical care" does not constitute "deliberate indifference." *Estelle*, 429 U.S. at 105-06.  Moreover, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim under the Eighth Amendment. *Id.*  Stated another way, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.; Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) ("Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation.")

   Plaintiff argues that his complaint states a claim because Defendant "knew or should have known [that] abruptly discontinuing Plaintiff's Percodan would cause him multiple withdraw[al] symptoms and substantial pain." (Dkt. No. 12 at 3.)  As the cases to which Plaintiff cites demonstrate, "knew or should have known" is not the applicable test for deliberate indifference. Rather, to demonstrate deliberate indifference a plaintiff must show that "prison officials *actually knew of* and disregarded an excessive risk of harm to his health and safety." *Gill v. Smith*, 283 F. Supp. 2d 763, 766 (N.D.N.Y. 2003) (emphasis added).

   Here, the complaint does not allege that Defendant was actually aware of facts from which she could draw the inference that abruptly discontinuing Plaintiff's medication would cause him substantial pain.  At most, it alleges that Defendant committed medical malpractice because she should have been aware of the dangers of abrupt withdrawal from Percodan and, accordingly, "we[a]ned [Plaintiff] off the medication." (Dkt. No. 1 ¶ 10.)  Therefore, it is

recommended that the Court grant Defendant's motion to dismiss.

Where a *pro se* complaint fails to state a cause of action, the court *generally* "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco*, 222 F.3d at 112 (citation omitted). Here, it is possible that Plaintiff could cure the defect in his complaint through better pleading. Therefore, it is recommended that the Court grant Plaintiff leave to amend.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendant's motion to dismiss for failure to state a claim (Dkt. No. 9) be **GRANTED** with leave to amend.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: January 17, 2012
      Syracuse, New York

George H. Lowe
United States Magistrate Judge