UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CHRISTOPHER BROSCHART,

                Plaintiff,

     -against-                                     9:11-CV-0405 (LEK/TWD)

NANCY O'CONNOR-RYERSON,

                Defendants.

**MEMORANDUM-DECISION and ORDER**

**I.    INTRODUCTION**

This matter comes before the Court following a Report-Recommendation filed on July 3, 2013, by the Honorable Thérèse Wiley Dancks, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d) of the Northern District of New York. Dkt. No. 37 ("Report-Recommendation"). After fourteen days from the service thereof, the Clerk has sent the entire file to the undersigned, including the Objections by Plaintiff Christopher Broschart ("Plaintiff"), which were filed on August 15, 2013. Dkt. No. 42 ("Objections"). For the following reasons, the Court approves and adopts the Report-Recommendation in its entirety, grants Defendant Nancy-O'Connor-Ryerson's ("Defendant") Motion for summary judgment, and dismisses this action. Dkt. No. 29 ("Motion").

**II.    BACKGROUND**

The Court presumes the parties' familiarity with the facts underlying this case. For a complete statement of the facts, reference is made to the Report-Recommendation and Amended Complaint. Plaintiff, an inmate at the Auburn Correctional Facility ("Auburn"), was receiving oxycodone pain medication for a back condition. Report-Rec. at 1. Defendant, a nurse practitioner

at Auburn, immediately discontinued Plaintiff's medication when a blood test revealed that he was no longer taking it. Id. at 2. Plaintiff alleges that Defendant's failure to gradually wean him off the medication violated established medical standards and caused severe withdrawal symptoms and unalleviated back pain. Id. at 2-3. Plaintiff promptly informed Defendant of his withdrawal symptoms, but she refused to alter her decision. Id. at 3-4. Plaintiff's medication was restored approximately one month later by a doctor at Auburn. Id. at 4. Plaintiff subsequently brought this action, alleging that Defendant's conduct violated the Eight Amendment's prohibition on cruel and unusual punishment. Dkt. No. 1 ("Original Complaint"). After the Original Complaint was dismissed, Plaintiff filed an Amended Complaint, discovery was conducted, and Defendants then filed the Motion. Dkt Nos. 15; 16 ("Amended Complaint").

### III. LEGAL STANDARDS

**A. Review of a Magistrate Judge's Report-Recommendation**

A district court must review *de novo* any objected-to portions of a magistrate judge's report-recommendation or specific proposed findings or recommendations therein and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b); accord FED. R. CIV. P. 72(b); see also Morris v. Local 804, Int'l Bhd. of Teamsters, 167 F. App'x 230, 232 (2d Cir. 2006); Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Chylinski v. Bank of Am., N.A., 434 F. App'x 47, 48 (2d Cir. 2011); Barnes, 2013 WL 1121353, at *1; Farid v. Bouey, 554 F. Supp. 2d 301, 306-07 & n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06 Civ. 13320, 2011 WL

3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). A district court also "may receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b); accord FED. R. CIV. P. 72(b)(3).

### B. Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure instructs a court to grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Although "[f]actual disputes that are irrelevant or unnecessary" will not preclude summary judgment, "summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Taggart v. Time, Inc., 924 F.2d 43, 46 (2d Cir. 1991).

The party seeking summary judgment bears the burden of informing the court of the basis for the motion and of identifying those portions of the record that the moving party claims will demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows that there is no genuine dispute as to any material fact, the burden shifts to the nonmoving party to demonstrate "the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. This requires the nonmoving party to do "more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Corp., 475 U.S. 574, 586 (1986).

At the same time, a court must resolve all ambiguities and draw all reasonable inferences in

3

favor of the nonmoving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000); Nora Beverages, Inc. v. Perrier Grp. of Am., Inc., 164 F.3d 736, 742 (2d Cir. 1998). A court's duty in reviewing a motion for summary judgment is "carefully limited" to finding genuine disputes of fact, "not to deciding them." Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1224 (2d Cir. 1994).

### C. Denial of Medical Care Under the Eighth Amendment

To make out an Eighth Amendment claim based on the denial of medical care, a prisoner must demonstrate: (1) a serious medical condition; and (2) deliberate indifference on the part of a defendant. Caiozzo v. Koreman, 581 F.3d 63, 72 (2d Cir. 2009). Mere negligence does not amount to deliberate indifference, nor does pursuing a course of treatment with which the prisoner disagrees. Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998). A practitioner is not deliberately indifferent where she acts according to a medical or professional judgment, which will be found unless "no minimally competent professional would have so responded under those circumstances." Roe v. Elyea, 631 F.3d 843, 857 (7th Cir. 2011) (internal quotation marks omitted).

## IV. DISCUSSION

### A. The Report-Recommendation

Judge Dancks found that Plaintiff presented sufficient evidence that his withdrawal symptoms and post-medication-cessation back pain constituted serious medical conditions. Report-Rec. at 8-13. However, Judge Dancks recommends that the Motion be granted because it is undisputed that Defendant exercised her "professional judgment" in determining that Plaintiff was no longer taking his pain medication and that weaning was therefore unnecessary. Id. at 13-14. Judge Dancks further found that, even if Defendant's decision did not comply with FDA standards,

4

Plaintiff had, at most, raised a question of simple medical malpractice that does not rise to the level of deliberate indifference.  Id.

   **B. Plaintiff's Objections**

Plaintiff objects on two grounds.  First, he argues that Defendant's cessation of his pain medication contravened the medication's instructions and "proper medical practice."  Objs. at 1. Second, he argues that he informed Defendant of the "extreme pain . . . and discomfort" he was suffering from as a result of the cessation of his medication and that Defendant nevertheless refused to provide him with his medication.  Id.  The substance of both of these objections was before Judge Dancks.  See Report-Rec. at 2-3 (noting Plaintiff's contention that information provided by the Department of Health and Human Services indicated that oxycodone medication should never be abruptly discontinued); id. at 14 (noting Plaintiff's contention that Defendant's conduct did not comply with FDA standards); id. at 3-4 (noting Plaintiff's attempts to alert Defendant to his withdrawal symptoms and pain).  The Court therefore reviews the objected-to portions of the Report-Recommendation for clear error, and finds none.

   Plaintiff's first objection speaks to the appropriateness of abruptly discontinuing oxycodone. His second objection speaks to the reasonableness of Defendant's decision to continue to withhold his medication even after Plaintiff told her that he had been taking it regularly and that he was suffering withdrawal symptoms and back pain.  But there is no genuine dispute that Defendant made a professional medical judgment that halting Plaintiff's medication was *not* an abrupt discontinuance, because the blood test indicated that Plaintiff was no longer taking his medication regularly.  Even if Plaintiff convinced Defendant that he was suffering from some withdrawal symptoms, she was entitled to make a medical determination that his oxycodone blood level was

5

sufficiently low for him not to require additional medication dosages to ease those symptoms.

In a similar vein, the blood-test results, which indicated that Plaintiff was no longer taking his medication, allowed Defendant to make a medical judgment that he no longer required oxycodone for his back pain.[1] This is particularly so in light of undisputed evidence that oxycodone is a medication with serious long-term-usage side effects. See Dkt. No. 36 at 2; Dkt. No. 29-6 at 5. Plaintiff has offered no evidence that any of Defendant's decisions were sufficiently substandard to rise to the level of an Eighth Amendment violation.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 37) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendant's Motion (Dkt. No. 29) is **GRANTED**; and it is further

**ORDERED**, that this action is **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court close this case; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED**.

---

[1] Defendant's failure to prescribe any replacement pain medication appears potentially questionable. See Dkt. No. 29 at15:3-5; Holloway v. Del. Cnty. Sheriff, 700 F.3d 1063, 1073 (7th Cir. 2012) (finding no deliberate indifference where defendant replaced prisoner-plaintiff's Oxycontin pain medication with Tylenol). However, Plaintiff has not premised his claim on this failure. See generally Am. Compl. Moreover, as Defendant reasonably concluded that Plaintiff was not taking his prescribed oxyocdone, a further conclusion that he no longer required pain medication of any kind was not sufficiently substandard to give rise to liability under the Eighth Amendment.

DATED:     August 28, 2013
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge